Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, ID  83501
208-746-9947
208-746-5886 (fax)
ISB # 2129
CharlesABrown@cableone.net
Attorney for Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ASSOCIATED PRESS, a New York corporation; IDAHO STATESMAN PUBLISHING, LLC, a Delaware limited liability company d/b/a  The Idaho Statesman; LEE ENTERPRISES, INCORPORATED, a  Delaware corporation d/b/a The Times-News; THE IDAHO PRESS CLUB, INC., an Idaho corporation; PIONEER NEWSPAPERS, INC., a Nevada corporation d/b/a Idaho Press-Tribune, Idaho State Journal, Standard Journal, Teton Valley News, The News-Examiner, The Preston Citizen, and Messenger Index; TPC HOLDINGS, INC., an Idaho corporation, d/b/a Lewiston Tribune and Moscow-Pullman Daily News; BAR BAR INC., an Idaho corporation d/b/a Boise Weekly; COWLES PUBLISHING COMPANY, a Washington corporation, d/b/a The Spokesman Review; and IDAHOANS FOR OPENNESS IN GOVERNMENT, INC., an Idaho non-profit corporation;<br><br>               Plaintiffs, | Case No. _____<br><br>BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR PRELIMINARY INJUNCTION |

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION     1

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

|  |  |
|---|---|
| v. | ) |
|  | ) |
| C.L. (BUTCH) OTTER, in his official | ) |
| capacity as the Governor of the State of | ) |
| Idaho; ROBIN SANDY, HOWARD G. | ) |
| "J.R." VAN TASSEL, and JAY L. | ) |
| NIELSEN in their official capacity as the | ) |
| Idaho Board of Correction; BRENT D. | ) |
| REINKE, in his official capacity as the | ) |
| Director of the Idaho Department of | ) |
| Correction; and KEVIN KEMPF in his | ) |
| official capacity as Division Chief of | ) |
| Operations of the Idaho Department of | ) |
| Correction, | ) |
|  | ) |
| Defendants. | ) |

COME NOW the Plaintiffs in the above-entitled matter by and through their attorney of record, Charles A. Brown, and provide this brief in support of their Expedited Motion for Preliminary Injunction.

## I. BACKGROUND

The State of Idaho's protocol in relation to execution of a condemned inmate prevents the media or any other witnesses to the execution from observing the entirety of the process. There is a time span where the witnesses, inclusive of the media, are not allowed to view initial entry into the execution chamber, the connection of an electrocardiogram to the condemned inmate, restraint of the condemned inmate, insertion of catheters at various locations on the body of the condemned inmate, or the final attachment of intravenous lines. Once this process is finalized, window coverings are then removed and/or witnesses are allowed into the viewing area.

The remainder of the execution process is visible by witnesses present in the viewing room.

The request for the Expedited Preliminary Hearing relates only to the viewing of the execution process, and there is not a desire to delay the execution itself.

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION    2

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

The full rendition of the surrounding background and facts are set forth in the verified Complaint which is incorporated herein by reference.

## II. STANDARD

A preliminary injunction is appropriate where the plaintiffs are likely to succeed on the merits and suffer irreparable harm absent preliminary relief, if the balance of equities tips in their favor and an injunction is in the public interest. *Farris v. Seabrook*, No. 11-35620, ___ F.3d ___, 2012 WL 1194154 at *4 (9th Cir. April 11, 2012) (rehearing denied and rehearing en banc) see also *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The plaintiffs do not have to show that they are likely to succeed if the balance of equities tips sharply in their favor and there are serious questions going to the merits. *Id.* On First Amendment issues, if the plaintiffs make a "colorable claim that [their] First Amendment rights have been infringed, or are threatened with infringement," the government bears the burden of justifying any law that may restrict First Amendment freedoms. *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011).

It should also be noted that the request for the preliminary injunction herein does not relate to going forward with the execution, but only to the viewing of the execution in full inclusive of the execution process beginning with entry into the execution chamber. The State of Idaho is going to be hard pressed to argue that some type of irreparable harm is going to occur given the fact that the extent of the request herein is simply that a full viewing of the execution process be allowed.

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION   3

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

## III.  ARGUMENT

**A.     Deprivations of Constitutional Rights, Especially of First Amendment Rights, Cause Irreparable Harm as a Matter of Law.**

"[A]n alleged constitutional infringement will often alone constitute irreparable harm." *Associated Gen. Contractors of Cal. v. Coalition for Econ. Equity,* 950 F.2d 1401, 1412 (9th Cir. 1991) citing *Goldie's Bookstore v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir.1984). In particular, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" and that "harm is particularly irreparable where, as here, a plaintiff seeks to engage in political speech, as 'timing is of the essence in politics' and '[a] delay of even a day or two may be intolerable.'" *Thalheimer,* 645 F.3d at 1128 (internal citations omitted).

**B.     The Public Interest in Protecting Fundamental American Freedoms Very High.**

There is a significant public interest in upholding First Amendment principles. *Sammarto* v. *First Judicial Ct.,* 303 F.3d 959, 974 (9th Cir. 2002).  This factor favors the Plaintiffs.

The matter of *California First Amendment Coalition v. Woodford* applies herein.

The court therein specifically states:

> Independent public scrutiny-made possible by the public and media witnesses to an execution-plays a significant role in the proper functioning of capital punishment. An informed public debate is critical in determining whether execution by lethal injection comports with "the evolving standards of decency which mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101, 78 S. Ct. 590, 2 L. Ed. 2d 630 (1958).  To determine whether lethal injection executions are fairly and humanely administered, or whether they ever can be, citizens must have reliable information about the "initial procedures," which are invasive, possibly painful and may give rise to serious complications. *Cf. Globe Newspaper*, 457 U.S. at 606, 102 S. Ct. 2613.

*Id.*, 299 F.3d 868, 876, 30 Media L. Rptr. 2345 (9th Cir. 2002).

In *Lopez v. Brewer*, the Ninth Circuit was recently faced with a challenge in regard to the actual execution protocol followed in the execution of a condemned inmate in the state of Arizona.

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION     4

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

That specific protocol is brought into review in trying to make a determination as to whether or not the execution process itself violates the defendant's Eighth Amendment rights.

In the *Lopez* case, the Ninth Circuit specifically states:

> We embark upon this opinion with deja vu, the feeling that we have been here before, but with the knowledge that we will likely be here again. We have entertained, usually at the last minute, a number of challenges to Arizona's execution protocol. No court has determined the constitutionality of Arizona's current death penalty protocol, adopted in January 2012, yet we have been asked to address individual provisions of the protocol in the abstract, without a constitutionally firm base. <u>Further complicating our task, in certain respects, the actual procedures followed during individual executions have not been consistent; instead, in the intervening two months since we issued *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012), there is uncertainty as to how the next execution will be carried out.</u> The State continues to cling to its discretion, all the while urging us—during oral argument in the waning hours before execution—to trust that it will exercise its discretion in a constitutionally permissible manner. The State's insistence "on amending its execution protocol on an ad hoc basis—through add-on practices, trial court representations and acknowledgments, and last minute written amendments—leav[es] the courts with a rolling protocol that forces us to engage with serious constitutional questions and complicated factual issues in the waning hours before executions." *Id.* at 653. <u>Review of death penalty cases is a grim and difficult undertaking, even without these complications.</u>

*Lopez v. Brewer*, No. 12-16084, ___ F.3d ___, 2012 WL 1693926 at *1 (9th Cir. May 15, 2012). (Emphasis added.)

No challenge is being made herein as to the execution itself. The exercise of any governmental power must be transparent. The execution of a citizen is the ultimate exercise of governmental power, and to be transparent must be viewed in its entirety.

As noted in paragraph 24 of the verified Complaint filed herein, the execution protocol that is going to be applied in regard to Mr. Leavitt is significantly different from that which was applied to Mr. Rhoades when he was executed in November 2011. A different lethal injection, a different protocol as to the insertion of the IV, and a different protocol in regard to the execution process is

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION     5

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

going to be applied to Mr. Leavitt and all come into play in this matter for the first time.  Thus, the protocol being subject to open scrutiny becomes that much more paramount.

**C.     Bond is Not Appropriate in this Constitutional Rights Case.**

The Fed. R. Civ P. 65(c) bond requirement should be waived if "to require a bond would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public affected." *Baca* v. *Moreno Valley Unified School Dist.,* 936 F. Supp. 719, 738 (C.D. Cal. 1996) (internal citation omitted). Waiver is also appropriate if there is "no realistic likelihood of harm to the defendant." *Johnson* v. *Couturier,* 572 F.3d 1067, 1086 (9th Cir. 2009). "Requiring a bond to issue before enjoining potentially unconstitutional conduct by a governmental entity simply seems inappropriate, because the rights potentially impinged by the governmental entity's actions are of such gravity that protection those rights should not be contingent upon an ability to pay." *Bible Club* v. *Placentia-Yorba Linda Sch. Dist.,* 573 F. Supp. 2d 1291, 1302, fn. 6 (C.D. Cal. 2008) (citation and internal quotation marks omitted).

## IV. CONCLUSION

WHEREFORE, for all the reasons as set forth in the verified Complaint filed herein and as explained above, the Plaintiffs ask this Court to enter a preliminary injunction within the scope described in their motion.

A transparent government is hopefully a better government because of the public scrutiny that accompanies transparency.

The ultimate exercise of governmental power is the taking of the life of a citizen.  The entire theme of the constitution of the criminal justice system is that said exercise of said governmental power must meet certain standards and criteria.  The ability to observe the exercise of the ultimate

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION     6

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

governmental power, that is, the execution of a citizen, needs to be completely open to public view and public discussion.

   RESPECTFULLY SUBMITTED on this 22nd day of May, 2012.

            /s/  Charles A. Brown
            Charles A. Brown
            Attorney for Plaintiffs.

BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION  7

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)